NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NWHW HOLDINGS, INC.,

Plaintiff - Appellant,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, a
Pennsylvania corporation,

Defendant - Appellee.

No. 24-388

D.C. No.
8:22-cv-01030-CJC-KES

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, Senior District Judge, Presiding

Argued and Submitted February 13, 2025
Pasadena, California

Before: PAEZ, TALLMAN, and R. NELSON, Circuit Judges.

Appellant NWHW Holdings, Inc. ("NWHW") sued Appellee National Union

Fire Insurance Company of Pittsburg ("National Union") for (1) breach of insurance

contract and (2) bad faith denial of coverage. NWHW sought payment for the

defense costs it incurred while defending against a U.S. Government False Claims

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Act investigation. National Union denied NWHW's claim because the Policy precluded coverage under several exclusions. The District Court granted National Union summary judgment, and NWHW timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. NWHW's Claim arose under the Policy on September 17, 2020, when the United States Attorney's Office for the Eastern District of Washington ("the Government") presented NWHW with a $39 million settlement demand and requested that NWHW enter into a tolling agreement to forestall immediate filing by the Government. The District Court concluded that this was the first time NWHW had received "a written demand for monetary or non-monetary relief" from the Government and thus triggered a claim under the Policy's language. We agree.

2. The Policy's Government Funding Coverage Endorsement applied because the damages sought included, at least in part, a return of funds from NWHW. NWHW's applicable defense costs of $948,280.23 after the Claim arose did not exceed the applicable $1 million self-retention provision, so NWHW's Claim is precluded entirely under the Policy. The District Court properly determined that National Union did not breach its insurance contract obligations to NWHW.

3. Because coverage was precluded under the Policy, National Union did not act in bad faith by denying NWHW's claim.

**AFFIRMED.**